IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>                  Plaintiff,       )<br>                                     )<br> v.                                  )<br>                                     )<br> GLENN L. GREEN,                     )<br>                                     )<br>                  Defendant.       )<br>_____) | **CRIMINAL ACTION**<br><br>No.  97-10164-01 |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant Glenn Green's motion pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 194);

2. Defendant's application for leave to proceed in forma pauperis (Doc. 195);

3. Government's response (Doc. 196); and

4. Defendant's reply (Doc. 197).

An accurate history of defendant's protracted journey through the federal court system is set forth in the government's response. Defendant's conviction was affirmed, United States v. Green, 178 F.3d 1099 (10th Cir. 1999) as was this court's denial of defendant's initial motion pursuant to 28 U.S.C. § 2255, United States v. Green, 42 F. Appx. 372 (10th Cir. 2002). Defendant failed in an attempt to file a second and successive motion pursuant to § 2255. See the Tenth Circuit's order filed February 1, 2005, Case No. 04-3461, attached as exhibit A.

In his present motion, defendant contends that ". . . he brings forth one issue which relates to the integrity of his prior habeas

proceeding and does not relate to any claims at trial or challenge any court rulings on the merits of a issue." Defendant's one issue, apparently, is that his trial counsel was ineffective because he ". . . only presented the suppression argument to this court as a violation of the Kansas statute and not as a violation of the Fourth Amendment under Tenth Circuit case law on point. Counsel also never effectively presented the taint argument or directly challenged the stop and search of Mr. Green's vehicle on November 12, 1997 and December 10, 1997 or the subsequent search of his person on both dates, in spite of the fact that these searches produced evidence introduced to convict Mr. Green." Defendant asserts that this court did not rule on these claims and therefore he is entitled to relief under Fed. R. Civ. P. 60(b)(6).

Defendant is wrong. This court did rule on these claims in its September 5, 2000 memorandum and order denying defendant's § 2255 motion (Doc. 168 at 11). The court noted that the same claims were raised and rejected on direct appeal and that defendant had failed to explain how his counsel was ineffective for failing to raise claims having no legal merit. Defendant appealed the denial of his § 2255 motion and had the opportunity to assign as error this court's ruling. Based on the circuit's decision upholding this court's denial of defendant's § 2255 motion, defendant did not choose to raise the issue on appeal.

Fed. R. 60(b)(6) has become a popular way for defendants such as Green to continue their repeated attacks on their convictions and/or sentences. But the window of opportunity is very narrow. According to Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006),

the first step for the district court is to "determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition.  A motion is a 'true Rule 60(b)' if it (1) challenges a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding."  It is quite apparent that neither of these prerequisites occurred.  This court did not make a procedural ruling which precluded a merits determination of defendant's § 2255 motion and defendant points to no defect in the integrity of the proceeding.[1]  On the contrary, this court ruled upon and rejected the very claims which defendant now seeks to frame under Rule 60(b)(6).  If defendant disagreed with this court's ruling, he should have appealed it but apparently he chose not to.

Accordingly, defendant's application to proceed in forma pauperis is denied on the ground that it fails to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and his motion pursuant to Fed. R. Civ. P. 60(b)(6) is denied.

IT IS SO ORDERED.

Dated this   13th   day of April 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] Actually, this court filed three separate memoranda totalling 44 pages in an effort to deal with the large number of claims made by defendant.  There were no procedural rulings which precluded a merits determination of any of the claims.  The claims were rejected because they had no merit.